UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-00572-F

| | | |
|---|---|---|
| JOHN KEITH WATSON,<br>　　　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | ORDER |
| JIFFY LUBE LUBE CORE;<br>WILLIAM McINNES; LISA BAKER;<br>ERIC ROSE; MIKE COWAN,<br>JOHN AUSTIN; JOHN SHANNON;<br>SHERRY BURLINGTON; and LARRY<br>HIEMENZ,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

This matter is before the court for ruling on the Motion to Dismiss [DE-18] filed by defendants William McInnes, Lisa Baker and Larry Hiemenz (hereinafter, "the moving defendants"). The *pro se* plaintiff, John Keith Watson ("Watson"), filed a Response [DE-21] in opposition to the motion to dismiss. The matter is ripe for disposition. This is a Title VII employment discrimination claim. *See* 42 U.S.C. § 2000e, et seq.

**PERTINENT BACKGROUND**

1. The EEOC Charge

Watson filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("the EEOC Charge"), attached as Exhibit 2 to the moving defendants' Memorandum in Support of Motion to Dismiss [DE-19], on August 26, 2009. Although he named as defendants the same individuals listed in the caption here, the body of the EEOC Charge includes accusations only against Rose, Austin and Cowan (referring to him at that point as "Mike LNU" ("last name unknown")). *See id.* The EEOC Charge names "Jiffy Lube" as the employer, and alleges that Watson was the subject of unlawful employment discrimination based on his race and religion. *See id.*

2. The Complaint

Watson received his right-to-sue letter from the EEOC on September 14, 2010. He filed a form Title VII Complaint [DE-4], in this court on February 16, 2011, naming as defendants "Jiffy Lube Lube Core" and the same eight individuals named in the EEOC Charge. *See id.* The body of the Complaint also names only Rose, Austin and Cowan in its allegations of employment discrimination, purportedly on grounds of race, religion, as well as age and disability. *See id.* No conduct is attributed to any other person or entity. The Complaint lists as "acts complained of" termination of employment, failure to promote, "conspired conspiracy," "discrimination of Race Religion Age and Disability," "False settlement agreement," "Hindering the Investigation," "Bribeing [sic] Key witnesses," and "Retaliation." *See id.* Watson indicates that he "left job voluntarily." *See id.*

**MOTION TO DISMISS**

1. Insufficiency of Process and/or Service of Process – Rules 12(b)(4) and (5)

Watson prepared and provided summonses to the Clerk of Court for issuance, including one for an individual not named in the Complaint or Charge. All the summonses issued bore the same address – "790 Pershing Road, Raleigh, NC 27608." No summons ever was sought or issued for the entity, "Jiffy Lube Lube Core," and the Complaint contains no allegation against it. The summonses for defendants Rose, Cowan, Austin, Shannon, and Burlington were returned to the Clerk of Court marked "unexecuted" and bearing the notation "Return to Sender," as the certified mail was refused at the address to which it was delivered. *See* [DE-11, -12, -15, -16, and -17].

Only the moving defendants, McInnes, Baker and Hiemenz, ostensibly have been served with process in this Title VII employment discrimination action. Certified mail return receipts dated March 10, 2011, are signed by "Sheryl Dupont." *See* Summonses Returned Executed [DE-10, -13, and -14]. Neither the "agent" nor the "addressee" box on the return receipt form is

2

checked beside "Sheryl Dupont's" signature on any of these three receipts. *See id.* Watson has not attempted to argue that "Sheryl Dupont" was authorized to accept process on behalf of McInnes, Baker and Hiemenez. The moving defendants seek dismissal of this action against them because: (i) service of process was not correctly effected on them, (ii) the Complaint contains no allegations against them, and (iii) they are not entities amenable to suit under Title VII.

In support of their motion, the moving defendants have submitted affidavits declaring, in pertinent part, that they did not agree to accept service of process in this action, that they did not sign a certified mail return receipt for any mail from Watson, and that none of them reside at 790 Pershing Rd., Raleigh, NC 27608.[1] *See* Memorandum [DE-19], Exhibits B, C, and D. Therefore, they contend, they are entitled to have this action dismissed against them because Watson's insufficient process and ineffective service thereof have left this court without subject matter jurisdiction.[2]

Indeed, for the reasons set forth in the moving defendants' Memorandum [DE-19], the court finds that Watson failed to effect proper service of process on the moving defendants as required by law. The methods by which process may be served on individuals appears in Rule 4(e), FED. R. CIV. P., incorporating the methods permitted by state law as contained in N.C. R. CIV. P. 4(j) & 4(j2), and set forth in some detail in the moving defendants' Response. These methods do not include certified mail addressed to a defendant's place of employment, return receipt requested, and signed by a person who is neither the addressee nor the addressee's registered agent. One district court has explained that,

---

[1] The moving defendants note that 790 Pershing Road is a business address for Carolina Lubes, a franchisee of Jiffy Lube. McInnes maintains an office at that address.

[2] The moving defendants refer in their Memorandum both to dismissal for insufficient process and ineffective service of process, which grounds are addressed in two different subdivisions of Rule 12(b), FED. R. CIV. P.

3

> [w]hile the technical requirements of service of process should be liberally
> construed when the defendant has actual notice, the requirements of service of
> process cannot be completely ignored. Service of process cannot be effected
> upon Defendant by serving at his place of employment individuals who are not
> authorized to accept service of process. *See Perez Lopez v. Mangome,* 117 F.R.D.
> 327, 328 (D.P.R. 1987) (service on administrative assistant in legal department of
> police headquarters, who was not appointed agent of policemen, did not
> constitute effective service); *Calder v. Stanly County Bd. of Educ.,* 2002 WL
> 31370364, at *3 (M.D.N.C. Sept. 26, 2002) (delivery of envelope containing
> summons and complaint to defendant's secretary who was not authorized to
> accept service failed to satisfy technical requirements); Tart [v. Hudgins], 58
> F.R.D. [116,] 117 [(M.D.N.C. 1972)] (delivery of copy of summons and complaint
> to defendant's wife at his place of business failed to meet the requirements of
> service of process); *Hall v. Lassiter,* 44 N.C. App. 23, 25, 260 S.E.2d 155, 157
> (1979) (delivery of summons and complaint to relative at defendants' place of
> business did not comply with the rules governing service of process).

*Elkins v. Broome,* 213 F.R.D. 273, 276 (M.D.N.C. 2003)

A plaintiff bears the burden of demonstrating that service of process, and the process itself, complies with the requirements of Rule 4, of the FEDERAL RULES OF CIVIL PROCEDURE. *See Brissett v. Freemont Investment & Loan Corp.,* No. 4:08-CV-77-F, 2010 WL 3003361, slip op. at *2 (E.D.N.C. Jul 29, 2010). The court has construed Watson's Complaint [DE-4] and Response [DE-21] to the motion to dismiss as liberally as possible, in light of his *pro se* status. Although the Response is nearly impossible to follow, its final sentence contains the only reference to the service of process issue. Therein, Watson requests that "the Courts to compel Defendant [sic] to release names and residing addresses of agencies, third parties identified in order to properly server [sic] summons to the subjects of this suit." *Id.* at unnumbered p. 4.

While in some cases, deficiencies in the issuance and service of process may be cured, here that effort would be futile because, as explained below, Watson cannot, as a matter of law, obtain the relief he seeks from the moving defendants. For the foregoing reasons, Watson's Complaint is DISMISSED against the moving defendants for lack of subject matter (or personal) jurisdiction in light of his failure to effect service of process as required by law, which

4

arose, at least in part, due to the insufficiency of the summonses themselves. *See* FED. R. CIV. P. 12(b)(1), (2), (4) and (5). For reasons that follow, leave to amend would be futile.

2. <u>Failure to State a Claim – Rule 12(b)(6)</u>

The moving defendants also contend that the Complaint must be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim against them for which relief may be granted. Specifically, they point out that the cause of action Watson attempts to state is employment discrimination in violation of Title VII of the Civil Rights Act of 1964, on the bases of race and religion.[3] However, under Title VII, individual supervisors or co-workers do not fall within the statutory definition of "employer" and are not proper defendants in a Title VII case. *See, e.g., Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998) (holding that supervisors cannot be held personally liable under Title VII). Watson has not named as a defendant in his Complaint the entity identified in his EEOC Charge as his "employer," and never requested issuance of a summons for that entity.

Nor is Title VII the proper vehicle for seeking relief for alleged age or disability discrimination. *See* 42 U.S.C. § 2000e-2(a). As the moving defendants point out, the Age Discrimination in Employment Act ("ADEA") governs age discrimination and the Americans with Disabilities Act ("ADA") provides a cause of action for unlawful discrimination because of disability. Like Title VII, however, neither the ADEA nor the ADA permits relief as against individuals who are not "employers" as defined by the pertinent statutes.

Watson makes clear in his Response that he wants to pursue his discrimination claims. However, the Response addresses neither of the grounds for the moving defendants' motion. Rather, Watson's Response is focused instead on alleged "fraud" and "misconduct" occurring in

---

[3] Watson has added "age" and "disability" to his list of discriminatory bases in his Complaint, but he did not allege or include any factual allegations to support either in his EEOC Charge.

5

the EEOC investigation and mediation of his employment discrimination Charge. He has not carried his burden to demonstrate that his Complaint contains:

> sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (internal citations and brackets omitted).

For the foregoing reasons, the court finds that Watson's Complaint fails to state a claim for relief against the moving defendants, and that this action must be dismissed as against them. *See* Rule 12(b)(6), FED. R. CIV. P.

## SUMMARY AND CONCLUSION

For the reasons set forth herein and in the moving defendant's Memorandum [DE-19], the Motion to Dismiss [DE-18] is ALLOWED. This action is DISMISSED against defendants William McInnes, Lisa Baker and Larry Hiemenz. No other individual or entity has been served or has appeared in this action.

SO ORDERED.

This, the 15th day of June, 2011.

JAMES C. FOX
Senior United States District Judge